ROBERT A. CHAISSON, Judge.
1 ¡.Steve A. Halm appeals from a judgment sustaining exceptions of prescription/peremption urged by Dr. Julio Figueroa and Dr. Andrew Cohen in this medical malpractice action. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
Mr. Halm received treatment at the Ochsner Clinic for kidney problems for a number of years. Dr. Figueroa and Dr. Cohen both diagnosed his problem as a renal cyst and treated him for this condition. Mr. Halm’s last treatment by Dr. Figueroa was on June 27, 2005, and his last treatment by Dr. Cohen was on April 24, 2007. He was subsequently treated for a renal cyst by other doctors at Ochsner until July 20, 2011. He then sought treatment with other physicians at another facility where it was determined that he suffered from other kidney problems which necessitated surgery.
Mr. Halm filed his complaint with the Patients’ Compensation Fund on June 22, 2012, alleging that Dr. Figueroa and Dr. Cohen had originally misdiagnosed his condition. He further alleged that this misdiagnosis caused his | ?,actual condition to worsen, which led to serious complications requiring surgery and the resulting loss of one kidney. Both doctors urged exceptions of prescription/preemption which were sustained. This appeal followed.
DISCUSSION
The law applicable here is La. R.S. 9:5628, which provides that medical malpractice claims prescribe one year from the date of the alleged act, or, if the injury is not immediately knowable, one year from discovery of the act, but in no case more than three years from the commission of the negligent act. Although Mr. Halm’s last treatment by Dr. Figueroa and Dr. Cohen occurred more than three years prior to the filing of his medical malpractice claim, he contends that because other physicians at the Ochsner facility subsequently continued to treat and misdiagnose his condition, prescription did not begin to run on his claims against Dr. Figueroa and Dr. Cohen until July 20, 2011, the last date of treatment for his kidney condition at the Ochsner facility.
In In re Medical Review Panel for Claim of Moses, 00-2643 (La.5/25/01), 788 So.2d 1173, the Louisiana Supreme Court set forth the requirement that continued tortious treatment or conduct on defendant’s part is an essential element for possibly invoking the continuing tort doctrine. In that case, the plaintiff underwent a surgical procedure requiring su *514 tures. The plaintiff discovered more than three years after removal of the sutures that the physician had negligently failed to remove all of the sutures. The issue before the court was whether this constituted a continuing tort which delayed the commencement of the three-year period of the statute until the problem was discovered. After discussing in detail the relationship of the statute to the jurisprudential rules regarding contra non valentem, the Court ruled as follows:
| ¿First, we leave open the question of whether the continuing tort doctrine can be invoked to enlarge the three-year repose period. Nonetheless, we hold that given this court’s continuing tort jurisprudence, coupled with the clear legislative intent set forth in Section 5628 to impose a fixed time limit on the discovery rule, continued tortious treatment or conduct on defendant’s part is an essential element for possibly invoking the continuing tort doctrine in this context. Given the lack of such treatment or conduct in this case within the three-year repose period, we conclude that plaintiffs claim prescribed.
Id. at 1187.
Here, there is no question that the acts in question, ie., the alleged misdiagnoses by Dr. Figueroa and Dr. Cohen, occurred more than three years prior to Mr. Halm’s institution of the present action. Further, it is equally clear that neither Dr. Figueroa nor Dr. Cohen provided any treatment to Mr. Halm during the three-year period preceding the filing of his medical malpractice claim. Given that neither of these doctors provided continuing treatment to Mr. Halm during this time period, an essential element for the potential application of the continuing tort doctrine is lacking. Under the above statute and the jurisprudence of Moses, the claims against Dr. Figueroa and Dr. Cohen have clearly prescribed.
Mr. Halm attempts to avoid the rule of Moses by asserting that because he continued to be treated by other doctors at the Ochsner facility, these treatments served to satisfy the requirement of a “continued tortious treatment or conduct on defendant’s part.” The reasoning behind this assertion seems to be that the alleged negligent treatment by doctors who treated plaintiff after 2005 and 2007, respectively, should be attributed to Ochsner, and then reattributed from Ochsner to Dr. Figueroa and Dr. Cohen so as to interrupt prescription on the claims against these two doctors.
Appellant cites Winder v. Avet, 613 So.2d 199 (La. 1st Cir.1992), for the proposition that if the treatment is performed at the same facility, this fact is ^sufficient to establish continuing treatment no matter which doctors are involved. We find no support for this proposition in the cited case. Winder involved a physician who misdiagnosed a patient’s condition and treated him for that mistaken condition. These treatments were administered over a period of time at the hospital where the doctor worked and were found to have caused the patient’s death. The error was discovered more than three years after the misdiagnosis, but within a few months after the last treatment. The court found that because of the continuing erroneous treatments by the doctor, a continuous tort was involved and therefore the claim had not prescribed. For reasons not made clear in the opinion, the hospital was also cast in judgment. There is nothing in the case which would support the assertion that treatment at the same hospital by different physicians extends the prescriptive period as to doctors who treated the patient there more than three years before the claim was asserted.
*515 In Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977 (La.2/29/00), 758 So.2d 116, the Court noted that:
On the other hand, hospitals ... are distinct legal entities that do not, in the traditional sense of the word, “practice” medicine. In the absence of statute, hospitals are subject to potential tort liability only vicariously on the basis of respondeat superior or independently on the basis of negligent hiring or training of the professional staff members employed by the hospital.
Id. at 119.
While a hospital may be vicariously liable for the negligence of a doctor-employee, a doctor-employee, simply by virtue of his status as an employee of the hospital, cannot be liable for the acts of another doctor-employee which render the hospital liable. Thus, even if other doctors at Ochsner also misdiagnosed Mr. Halm’s condition subsequent to the alleged misdiagnoses by Dr. Figueroa and Dr. Cohen, those acts cannot be used to interrupt prescription as to the earlier treating |fiphysicians, or to extend the three-year period of La. R.S. 9:5628 in regard to those physicians. We thus reject this argument as well.
Mr. Halm’s final argument is that the trial judge erred in refusing to permit him to testify at the hearing on the exceptions. When Mr. Halm’s counsel offered to call his client at the hearing, the trial judge responded, “I don’t think we require testimony at this time on the exceptions.” Although the trial judge expressed his opinion regarding the necessity of Mr. Halm’s testimony, it does not appear that he refused to allow Mr. Halm to testify, and no objection was made by counsel at that time. In Matthews v. Breaux, 04-958 (La.App. 5 Cir. 2/15/05), 896 So.2d 1146, this court repeated the general rule that to preserve an evidentiary issue for appellate review a party must make a contemporaneous objection and state the reasons why it should be admitted. Neither was done in this case, and therefore that issue is not properly before us on appeal.
CONCLUSION
For the foregoing reasons, the judgment sustaining the exceptions urged by Dr. Figueroa and Dr. Cohen, and dismissing the suit against them, is hereby affirmed.

AFFIRMED